IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HAROLD EUGENE PATTON,**

    **Petitioner,**

**v.**                                                                        **Civil Action No. 1:17cv186**
                                                                         **(Judge Kleeh)**

**JENNIFER SAAD, Warden,**

    **Respondent.**

**REPORT AND RECOMMENDATION**

**I. Background**

On October 30, 2017, Harold Eugene Patton ("Petitioner") filed a *pro se* petition for habeas corpus pursuant to 28 U.S.C. § 2241. By Order entered November 14, 2017, Petitioner was granted leave to proceed *in forma pauperis*, but was directed to pay the filing fee. ECF No. 9. Petitioner paid the requisite fee on March 26, 2018. ECF No. 14.

By Miscellaneous Case Order entered December 1, 2018, this case was reassigned from Senior District Judge Irene M. Keeley to District Judge Thomas S. Kleeh. ECF No. 15. On July 17, 2019, Petitioner filed a mandamus action in the Fourth Circuit Court of Appeals, alleging undue delay in these proceedings. ECF No. 17, 18. On August 14, 2019, Petitioner filed a Motion for Default Judgment. ECF No. 21.

Petitioner is an inmate at FCI Gilmer and is challenging the validity of his conviction and sentence imposed by the United States District Court for the Western District of North Carolina.

This matter is now pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2.

## II.  Facts

**A. Underlying Conviction, Appeal, Motion to Vacate, and Clemency[1]**

On April 3, 2007, a federal grand jury in the Western District of North Carolina returned an indictment charging Petitioner and eleven co-defendants with conspiracy to distribute at least 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Several weeks before Petitioner's trial was to begin, the Government filed a § 851 Information regarding Petitioner's six previous convictions for felony drug offenses. See ECF No. 514 at 2. On July 11, 2007, in the United States District Court for the Western District of North Carolina, Petitioner pled guilty to Count One of the indictment, Conspiracy to Possess with Intent to Distribute a Quantity of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. ECF No. 148.

Petitioner moved to withdraw his guilty plea on June 25, 2008, asserting that defense counsel Jason R. Hayes ("Hayes") was ineffective for misleading Petitioner to believe that Petitioner could avoid a life sentence by accepting the plea agreement. ECF No. 250. Further, Petitioner asserted that he was factually innocent of the offense alleged in Count One. Id. at 2, 7. On July 29, 2008, after the parties fully briefed the issue, the district court denied Petitioner's motion to withdraw his plea, noting that the Petitioner's plea was knowing and voluntary, and that none of the factors under United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991) warranted withdrawal of the plea.  ECF No. 263 at 16 – 17.

On September 30, 2008, the date originally scheduled for a sentencing hearing, Petitioner filed a second motion to withdraw his guilty plea and objections to the Pre-Sentence Investigation Report ("PSR"), challenging the attributed relevant drug amount in the PSR (182.2 grams of crack

---

[1] Unless otherwise specified, the citations in this section are to Petitioner's underlying criminal case, which can be located on PACER at United States District Court for the Western District of North Carolina, at 1:07cr33-9.

2

cocaine) and arguing that he was incarcerated on other charges for much of the time that the conspiracy was alleged to have been ongoing.[2] ECF No. 281 at 2 – 5. The hearing was continued.

On November 19, 2008, the district court reconvened Petitioner's sentencing hearing. After finding that Petitioner's plea was knowing and voluntary, the district court denied Petitioner's second motion to withdraw his plea and sentenced him to a mandatory sentence of life imprisonment,[3] to be followed by a term of 10 years supervised release. ECF No. 299.

Petitioner filed a Notice of Appeal.  ECF Nos. 301, 303.  On appeal, Petitioner asserted two grounds: (1) ineffective assistance of counsel regarding the entry of his guilty plea, and (2) the district court abused its discretion by denying Petitioner's motion to withdraw his guilty plea. On September 15, 2010, by unpublished *per curiam* opinion, the Fourth Circuit Court of Appeals affirmed the district court, declining to consider Petitioner's claim of ineffective assistance of counsel, and finding that the district court did not abuse its discretion when it denied Petitioner's motion to withdraw his guilty plea.  ECF No. 367.

On December 12, 2011, Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255, asserting the following grounds for relief:

---

[2] Petitioner asserts that an investigation (called a "conspiracy" by the Petitioner) was ongoing from January 2002 until the return of the Indictment against Petitioner and his co-conspirators in April 2007. N.D. W.Va. Case No. 1:17cv186, ECF No. 1 at 2.  Petitioner's claim is that he was "incarcerated for at least 40% of the conspiracy in a correctional facility and was unaware of a conspiracy afoot." Id. at 1.

[3] Patton's PSR noted that Patton had "been convicted of several prior felony controlled substance offenses to include: Misdemeanor Maintaining a Vehicle/Dwelling/Place for Controlled Substances (95CRS7664); and Sell/Deliver of Cocaine (96CRS10385, 97CRS11095, 98CRS1364 and 98CRS11145)." See ECF No. 291, ¶ 46 at 9. Because the instant offense involved a felony controlled substance offense and the defendant was 18 years or older at the time of its commission, Patton was a career offender within the meaning of USSG §4B1.1. Id.  Nonetheless, "[w]hile the Plea Agreement limited the defendant's guideline exposure by stipulating to a lesser drug amount, this stipulation ultimately had no effect as the defendant was determined to be a career offender thereby increasing his guideline range. However, the defendant's statutory provisions actually control the defendant's sentence in this case. Mr. Patton has two or more prior felony drug offenses which qualify for increased punishment under 21 U.S.C. § 841(b)(1)(A). The government has filed a 21 U.S.C. § 851 Notice seeking the enhanced penalties, therefore, the term of imprisonment is mandatory life." Id., ¶ 114 at 25.

(1) his guilty plea was not knowing or voluntary, because Attorney Hayes misled him about the length of his potential sentence and failed to warn him that he could be subject to a life sentence [ECF No. 412 at 4];

(2) Attorney Daniels was ineffective for failing to request a hearing or provide evidence on Petitioner's motion to withdraw his guilty plea [id. at 5];

(3) Attorney Daniels was ineffective at sentencing and on appeal for failing to argue that Petitioner only had one qualifying drug felony predicate [id. at 7]; and

(4) Petitioner's life sentence was a fundamental miscarriage of justice, because Petitioner was actually innocent of a mandatory life and 4B1.1 sentence. Id. at 8.

On August 6, 2014, the district court denied Petitioner's § 2255 motion, finding that Petitioner could not establish prejudice for his claims of ineffective assistance of counsel and could not establish that counsel's performance was deficient. ECF No. 514. The district court denied a certificate of appealability. Id. On March 5, 2015, Petitioner filed a Notice of Appeal. ECF No. 528. By unpublished *per curiam* opinion issued on August 24, 2015, the appeal was dismissed by the Fourth Circuit for lack of jurisdiction, because it was untimely filed. ECF No. 545.

On October 28, 2016, President Obama granted clemency to Petitioner, reducing Petitioner's sentence of life imprisonment to a term of 235 months, to be followed by a 10-year term of supervised release. ECF No. 584.

**B. § 2241 Petition**

In his pending Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241, Petitioner asserts four grounds, claiming that:

(1) he is actually innocent, because it was impossible for him to be implicated in the conspiracy since he was incarcerated during almost half of the time the controlled purchases of drugs were made, and the witness' statements against him were false [ECF No. 1 at 5; ECF No. 1-1 at 1, 3 – 7];

(2) malicious prosecution occurred, because the government only sought the highest penalty in retaliation for Petitioner's refusal to commit perjury by testifying against his brother [ECF No. 1 at 6; ECF No. 1-1 at 6, 9] and the Government's evidence was implausible and based on the testimony of witnesses who were not credible [id. at 5 – 6];

4

  (3) Attorney Hayes provided ineffective assistance by refusing to entertain legal defenses; refusing to investigate less than credible witnesses' claims; failing to object during any phase [ECF No. 1 at 6] and by wrongly advising him to accept a plea agreement that was of no benefit to him [ECF No. 1-1 at 4]; and

  (4) the district court's consideration of Petitioner's prior convictions as predicates to support a 21 U.S.C. § 851 sentencing enhancement was improper, because none of Petitioner's state court convictions ever resulted in sentences exceeding one year. ECF No. 1 at 6 – 7; see also ECF No. 1-1 at 7 – 8.

  Petitioner contends that his remedy by way of § 2255 is inadequate or ineffective to test the legality of his detention because "[t]he case law being presented within the Petitioner's memorandum of support is a non-constitutional amendment and therefore cannot withstand the stringeous [sic] scrutiny of a 2255 petition." ECF No. 1 at 9.

  Petitioner contends that he has never previously asserted his claims of ineffective assistance of counsel and malicious prosecution in another court. Id. at 7.

  As relief, Petitioner seeks to set aside his sentence; appoint new counsel; hold an evidentiary hearing; remove the sentencing enhancement; or have his indictment dismissed with prejudice. ECF No. 1 at 8. Further, Petitioner seeks to be relieved of his "wrongful conviction." ECF No. 1-1 at 10.

### III. Legal Standard

**A. Review of Petitions for Relief**

  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in

5

the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

## B. *Pro Se* Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[4] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

## C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ

---

[4] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "[T]he court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by prison officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2nd Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which permits a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar,[5] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective; the standard is an exacting one. In the Fourth Circuit, §

---

[5] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

(1) The date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333 - 34 (4th Cir. 2000) (emphasis added).

However, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction." United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (*quoting* Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)). In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and Jones is applicable to fundamental sentencing errors, as well as undermined convictions." Id. at 428. When contesting a sentence through a petition filed under § 2241, a petitioner must still meet the savings clause of § 2255. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, *supra*, at 429 (emphasis added). The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

### IV. Analysis

Here, Petitioner's explanation for why his remedy by way of § 2255 is inadequate or ineffective to test the legality of his detention is that "case law being presented within the Petitioner's memorandum of support is a non-constitutional amendment and therefore cannot withstand the stringeous [sic] scrutiny of a 2255 petition." ECF No. 1 at 9.

Nonetheless, Petitioner is not entitled to relief under the savings clause. First, to the extent that Petitioner is challenging his conviction, even if he satisfied the first and the third elements of Jones, the crimes for which he was convicted, violations of 21 U.S.C. §§ 846 and 841(a)(1), remain criminal offenses, and therefore, he cannot satisfy the second element of Jones.

As noted *supra*, the remedy provided under § 2255 is not rendered inadequate and ineffective if a prisoner presents a claim in a § 2255 motion but was denied relief, if he failed to assert a claim in his § 2255 motion, or if he was denied permission to file a second or successive § 2255 motion. See In re Vial, 115 F. 3d at 1194 n. 5. Section 2255(e) states that a § 2241 petition "shall not be entertained" if certain circumstances are present, "unless" another condition is present. 28 U.S.C. § 2255(e). See Wheeler, 886 F.3d at 425. Thus, § 2255(e) "commands the district court not to entertain a § 2241 petition that raises a claim ordinarily cognizable in the petitioner's first § 2255 motion except in . . . exceptional circumstance[s]." Wheeler at 425, *quoting* Williams v. Warden, 713 F.3d 1332, 1338 (11th Cir. 2013). To the contrary, a "plain reading of the phrase 'shall not entertain'" demonstrates that "Congress intended to, and unambiguously did strip the district court of the power to act . . . unless the savings clause applies." Williams at 1339.

9

With respect to Patton's challenge to his sentence, the Court must review the petition under the four-part <u>Wheeler</u> test. As to the first prong, it is clear that at the time of sentencing, settled law established the legality of the sentence imposed. Further, Patton cannot meet the second element of the <u>Wheeler</u> test, because any change to the settled law which established the legality of Patton's sentence has not been deemed to apply retroactively to cases on collateral review. Because Patton cannot meet the second prong of the <u>Wheeler</u> test, this Court does not need to consider the third or fourth parts of the test. Because Patton attacks the validity of his sentence, but fails to establish that he meets all four prongs of the <u>Wheeler</u> savings clause test for erroneous sentences, he cannot demonstrate that § 2255 is an inadequate or ineffective remedy and he has improperly filed his petition under § 2241 with respect to his sentence.

Finally, all of Petitioner's claims are *res judicata*.

Petitioner's Ground One claim that he is actually innocent of the charge in the indictment to which he entered a guilty plea was raised previously in the sentencing court in his first motion to withdraw the plea, where it was denied on the merits. Petitioner raised it again on direct appeal, arguing that the district court erred by denying that motion to withdraw the plea; it was again denied on the merits.

Petitioner's Ground Two claim of malicious prosecution argues that the Government relied on false and contradictory statements from witnesses who served as controlled buyers in the investigation and the Government retaliated against him with a life sentence for not testifying against his brother. Petitioner contends that he has never previously raised this claim in any court. <u>See</u> ECF No. 1 at 7. The record does not support this contention. Petitioner has previously raised the claim that the Government's case was based on less than credible witness testimony and that he was incarcerated during many of the times the buys were alleged to have occurred in his

objections to the PSR and second motion to withdraw his plea, where it was denied on the merits by the district court. He raised it again on direct appeal, couched there as a claim that the district court abused its discretion by denying his motion to withdraw the plea, where it was again denied on the merits. He raised it again in his § 2255 motion, couched there as a claim that that counsel was ineffective for failing to properly argue his motion to withdraw the plea; it was again denied on the merits. He then attempted to appeal the order denying the § 2255 motion, but that appeal was dismissed as untimely filed. Moreover, Petitioner's claim that the Government retaliated against him for not testifying against his brother by giving him a life sentence has no support in the record; Petitioner's life sentence (since commuted) was mandatory under the statute, based on his extensive criminal history, and notice of the same was included in the plea agreement he signed. As noted *supra*, the remedy provided under § 2255 is not rendered inadequate and ineffective if a prisoner presents a claim in a § 2255 motion but was denied relief. In re Vial, 115 F.3d at 1194, n. 5.

Patton also denies having ever previously raised his Ground Three claim of ineffective assistance of counsel ("IAC") [see ECF No. 1 at 7], but this is refuted by the record. Petitioner has repeatedly asserted IAC claims: in his first motion to withdraw his plea in the sentencing court, against attorney Hayes, who represented him at his preliminary hearing, arraignment, and plea; again on direct appeal to the Fourth Circuit Court of Appeals, against attorney Hayes, where the Fourth Circuit declined to consider the claim; and again in his § 2255 motion to vacate, against Hayes over Hayes' advice regarding the plea, and against attorney Daniels, for his alleged failure to "properly argue" Petitioner's motion to withdraw his plea, to request a hearing and/or present evidence in support of the motion, and for Hayes' alleged ineffectiveness at sentencing and on appeal, for failing to argue that Petitioner only had one qualifying drug felony predicate. Now,

11

here, Petitioner again attempts to re-raise his claim that attorney Hayes was ineffective for encouraging him to enter his plea. Again, merely because a prisoner presents a claim in a § 2255 motion that was denied relief does not entitle him to the remedy provided under § 2255.

Petitioner's Ground Four claim that his sentence was improperly enhanced by consideration of his state felony convictions as predicates under the Federal sentencing guidelines has previously been raised in his § 2255 petition, albeit couched there as a claim that counsel was ineffective for failing to challenge the use of his prior drug convictions as predicate convictions for his sentence enhancement; the district court denied relief. As for Petitioner's claim that none of his state court convictions qualify as predicate convictions because they did not result sentences exceeding one year, Petitioner is advised that a prior felony conviction means a conviction for an offense punishable by death *or imprisonment for a term exceeding one year*, regardless of whether such offense is specifically designated as a felony and *regardless of the actual sentence imposed*. U.S.S.G. 4B1.2 n.1. (emphasis added).

Because all of these claims were previously raised and decided on their merits in other courts, any attempt by Petitioner to again raise them again here is barred by *res judicata.*

In summary, because Petitioner cannot meet the savings clause of § 2255 under either the Jones or Wheeler tests, his claims may not be considered under § 2241. Accordingly, this Court is without jurisdiction to consider his petition. When subject matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

**Motion for Default Judgment**

Petitioner's pending Motion for Default Judgment should be denied. As this Court has previously noted, Rule 55(d) of the Federal Rules of Civil Procedure provides that a default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfied the court. Here, because Petitioner's claims were due to be summarily dismissed, the Warden was never directed to file a response. Therefore, the Warden's failure to respond to Patton's petition is not a result of any neglect or malfeasance on Respondent's part, and Petitioner is not entitled to a default judgment.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED without prejudice.**

The undersigned further recommends that Petitioner's Motion for Default Judgment [ECF No. 21] be **DENIED.**

The Petitioner is notified that this Report and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas S. Kleeh, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, **any party shall have fourteen days after being served with a copy of this Report and Recommendation, and then three additional days (mailing/service), within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  Extension of this time period may be granted by the presiding District Judge for good cause shown.

**Failure to file written objections as set forth above shall constitute a waiver of** *de novo* **review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on Judge Kleeh.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Further, upon entry of this Report and Recommendation, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: October 16, 2019.

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE