IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

HAROLD EUGENE PATTON,

        Petitioner,

v.                                      Civ. Action No. 1:17-CV-186
                                           (Kleeh)

JENNIFER SAAD,

        Respondent.

## MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION IN PART, DENYING AS MOOT MOTION FOR DEFAULT JUDGMENT, AND DENYING AND DISMISSING PETITION WITH PREJUDICE

Pending before the Court is a Report and Recommendation ("R&R") by United States Magistrate Judge Michael J. Aloi concerning the Petition for Habeas Corpus Pursuant to § 2241 (the "Petition") filed by pro se petitioner Harold Patton ("Petitioner"). For the reasons set forth below, the Court adopts the R&R in part.

### I.   PROCEDURAL HISTORY

On October 30, 2017, the Petition was filed. Petitioner was directed to pay the $5.00 filing fee, which the Court received on March 26, 2018. On December 1, 2018, the case was reassigned to the Honorable Thomas S. Kleeh, United States District Judge. Petitioner filed a Letter with the Court regarding the status of the case. On July 17, 2019, he filed a mandamus action in the United States Court of Appeals for the Fourth Circuit.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
IN PART, DENYING AS MOOT MOTION FOR DEFAULT JUDGMENT,
AND DENYING AND DISMISSING PETITION WITH PREJUDICE**

On August 14, 2019, Petitioner filed a Motion for Default Judgment in this Court. On October 16, 2019, the Magistrate Judge entered his R&R. Petitioner received the R&R on October 18, 2019, and filed Objections to it on November 1, 2019. The petition for writ of mandamus was denied on February 20, 2020. ECF Nos. 25, 26.

## II.  **PETITION**

Petitioner asserts four grounds in the Petition: (1) actual innocence, (2) malicious prosecution, (3) ineffective assistance of counsel, and (4) improper use of a sentencing enhancement under 21 U.S.C. § 851. He claims that he is actually innocent because he was incarcerated during "at least 40% of the conspiracy" for which he was convicted. He argues that the witness testimony used against him was false, that the Government retaliated against him, and that there were available defenses that his counsel did not pursue or explain to him. He argues that three out of the four state cases that prompted his sentencing enhancement never exceeded one year, as required. He asks the Court to "vacate, set aside or remand his sentence, appoint new counsel, hold an evidentiary hearing, remove the enhancement, sentence Petitioner for his 'role' in the instant case or dismiss Petitioner's indictment with prejudice."

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION IN PART, DENYING AS MOOT MOTION FOR DEFAULT JUDGMENT, AND DENYING AND DISMISSING PETITION WITH PREJUDICE**

### III. <u>REPORT & RECOMMENDATION</u>

In the R&R, the Magistrate Judge writes that "[p]risoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction." ECF No. 22 at 6. On the other hand, a petition for writ of habeas corpus pursuant to § 2241, generally, "is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated." <u>Id.</u> at 6–7.

The Magistrate Judge discusses the "savings clause" under § 2255, by which a prisoner can be awarded relief under § 2241 if § 2255 relief is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The Magistrate Judge found that Petitioner is not entitled to relief under the savings clause pursuant to <u>In re Jones</u>, 226 F.3d 328, 333–34 (4th Cir. 2000), and <u>United States v. Wheeler</u>, 886 F.3d 415 (4th Cir. 2018). The Magistrate Judge also found that all of Petitioner's claims are barred by <u>res judicata</u>. The Magistrate Judge recommended that the Court deny the Petition with prejudice and deny the Motion for Default Judgment.

The R&R informed the parties that they had fourteen (14) days from the date of service of the R&R to file "specific written

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION IN PART, DENYING AS MOOT MOTION FOR DEFAULT JUDGMENT, AND DENYING AND DISMISSING PETITION WITH PREJUDICE**

objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection." It further warned them that the "[f]ailure to file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." Petitioner timely filed objections.

### IV.   STANDARD OF REVIEW

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603–04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

### V.   OBJECTIONS

Petitioner makes the following objections:

- Petitioner objects to the Magistrate Judge's finding that he does not qualify for relief under the savings clause;

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
IN PART, DENYING AS MOOT MOTION FOR DEFAULT JUDGMENT,
AND DENYING AND DISMISSING PETITION WITH PREJUDICE**

- Petitioner objects to the Magistrate
  Judge's finding that certain claims are <u>res
  judicata</u>; and

- Petitioner objects to the Magistrate
  Judge's finding that his sentencing
  enhancement claim is improper.

Therefore, the Court reviews these objections <u>de novo</u> and reviews
the remainder of the R&R for clear error.

## VI.  <u>DISCUSSION</u>

Petitioner is challenging the validity of his conviction and
his sentence. His petition, therefore, is inappropriately filed
under § 2241 unless he can show that he meets the requirements of
the savings clause under § 2255. Because he is challenging both
his conviction and his sentence, he is subject to both the <u>Jones</u>
and the <u>Wheeler</u> tests described in the R&R.

Petitioner writes that his remedy via § 2255 is inadequate or
ineffective to test the legality of his detention because "[t]he
case law being presented within the Petitioner's memorandum of
support is a non-constitutional amendment and therefore cannot
withstand the stringeous [sic] scrutiny of a 2255 petition." As
discussed above, the Magistrate Judge found that Petitioner did
not meet the standards in <u>Jones</u> and <u>Wheeler</u>.

In Petitioner's objections, he contends that he is entitled
to <u>Jones</u> and <u>Wheeler</u> relief via the First Step Act, 18 U.S.C.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
IN PART, DENYING AS MOOT MOTION FOR DEFAULT JUDGMENT,
AND DENYING AND DISMISSING PETITION WITH PREJUDICE**

§ 3582(c). He did not raise this argument in the Petition. Relief under the First Step Act is awarded at the sentencing court's discretion. <u>See</u> First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194 (2018) (allowing the "court that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed"); <u>see also</u> <u>Kittrells v. Warden</u>, No. 1:18-01365, 2019 WL 4317024, at *5 ("Similar to a Section 2255 Motion, a Section 3582 Motion must be filed in the underlying criminal action and be addressed by the sentencing court."). Petitioner was not sentenced in this Court; therefore, to the extent that Petitioner is requesting relief under the First Step Act, this Court has no authority to grant it.

Because the Court cannot grant relief under the First Step Act, and this was Petitioner's sole objection regarding the application of the savings clause, the Court, after finding no clear error, adopts the R&R with respect to the application of <u>Jones</u> and <u>Wheeler</u>. Petitioner may not seek relief under § 2241 because he has not demonstrated that a § 2255 petition is "inadequate or ineffective to test the legality of his detention." <u>See</u> 28 U.S.C. § 2255(e). Accordingly, the Court does not have subject matter jurisdiction to consider the Petition. Finding that

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
IN PART, DENYING AS MOOT MOTION FOR DEFAULT JUDGMENT,
AND DENYING AND DISMISSING PETITION WITH PREJUDICE**

the Court does not have jurisdiction over the Petition, the Court will not reach the merits of Petitioner's remaining objections.

## VII. <u>CONCLUSION</u>

For the reasons discussed, the court **ADOPTS IN PART** the R&R [ECF No. 22], to the extent consistent with this Memorandum Opinion and Order. The Court **DENIES AS MOOT** the Motion for Default Judgment [ECF No. 21] and **ORDERS** that this case be **DISMISSED** and **STRICKEN** from the Court's active docket.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to the <u>pro</u> <u>se</u> Petitioner via certified mail, return receipt requested.

DATED: March 23, 2020

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE